Filed 4/7/21  P. v. Montano CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079976 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF156029A) |
| ADOLFO MONTANO, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Tami M. Krenzin, Amanda D. Cary and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Levy, Acting P.J., Franson, J. and Meehan, J.

# INTRODUCTION

When defendant Adolfo Montano was 21 years old, he robbed three college students at gunpoint and fired his gun into the air twice. He was subsequently convicted by jury of three counts of second degree robbery (Pen. Code, § 212.5, subd. (c); counts 1–3)[1] and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4).[2] As to all counts, the jury found that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and as to counts 1 through 3, that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). In a bifurcated proceeding, the trial court found that defendant suffered a prior felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and served two prior prison terms (§ 667.5, former subd. (b)). The trial court sentenced defendant to an aggregate term of 70 years in prison as follows: on count 1, the upper term of five years, doubled to 10 years for the prior strike offense, plus additional terms of 10 years for the gang enhancement, 20 years for the firearm enhancement, five years for the prior serious felony conviction, and one year for the prior prison term enhancement; on counts 2 and 3 each, a consecutive term of two years, plus additional terms of three years four months for the gang enhancement and six years eight months for the firearm enhancement; and on count 4, a term of six years, plus additional terms of 10 years for the gang enhancement and 10 years for the firearm enhancement, stayed under section 654.

Defendant appealed and in *Montano I*, this court reversed the gang enhancement findings as unsupported by substantial evidence and remanded the matter for resentencing. The judgment was otherwise affirmed.

---

**1**     All further statutory references are to the Penal Code unless otherwise indicated.

**2**     We take judicial notice of our prior opinions in *People v. Montano* (Feb. 22, 2017, F070695) [nonpub. opn.] (*Montano I*) and *People v. Montano* (Feb. 25, 2019, F075894) [nonpub. opn.] (*Montano II*), and the records from those appeals. (Evid. Code, §§ 452, subd. (d), 459.)

On remand, the trial court resentenced defendant to the same terms, minus the gang enhancements, for an aggregate prison term of 53 years 4 months.

Following resentencing, defendant appealed and in *Montano II*, this court remanded the matter to allow the trial court to exercise its discretion regarding whether to strike one or more of the firearm enhancements under Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1–2, pp. 1–4 (Senate Bill No. 620) and whether to strike the prior serious felony conviction enhancement under Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1, 2, pp. 1–6 (Senate Bill No. 1393). We otherwise affirmed the judgment.

Defendant's third appeal is now before us, following remand in *Montano II*.[3] The appeal raises a single issue. Pursuant to Senate Bill No. 136, which amended section 667.5, subdivision (b), effective January 1, 2020, defendant requests that we strike the one-year prior prison term enhancement imposed. (Stats. 2019, ch. 590, § 1, pp. 1–4 (Senate Bill No. 136).) The People concede defendant is entitled to relief under Senate Bill No. 136.

We agree with the parties and order the one-year prior prison term enhancement stricken, which reduces defendant's aggregate sentence to 52 years 4 months. The judgment is otherwise affirmed.

## DISCUSSION

Pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute. For other felonies, pursuant to former subdivision (b), and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or

---

[3] The trial court declined to exercise discretion to strike the firearm enhancements or the prior serious felony conviction enhancement. Defendant does not challenge those determinations.

3.

county jail felony term.  As amended by Senate Bill No. 136, subdivision (b) of section 667.5 limits imposition of the additional one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

In accordance with the California Supreme Court's decision in *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*), "'"[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].'"  (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *People v. DeHoyos* (2018) 4 Cal.5th 594, 600; accord, *People v. Frahs* (2020) 9 Cal.5th 618, 624.)

We agree with the parties that Senate Bill No. 136 is retroactive under the *Estrada* rule and, therefore, the amendment to section 667.5, subdivision (b), applies here.  As well, we agree that defendant's prior conviction for receiving stolen property is not a qualifying offense under section 667.5, subdivision (b), as amended.  Therefore, we order the one-year prior prison term enhancement imposed by the trial court stricken, reducing defendant's aggregate sentence by one year to 53 years 4 months.[4]

## DISPOSITION

Pursuant to Senate Bill No. 136, the one-year prior prison term enhancement imposed under section 667.5, former subdivision (b), is stricken, which reduces defendant's aggregate sentence by one year to 53 years 4 months.  The trial court shall forward an amended abstract of judgment reflecting this modification to the appropriate authorities.  The judgment is otherwise affirmed.

---

[4]    Striking the prior prison term enhancement does not require remand for resentencing under the full resentencing rule where, as here, the trial court imposed the maximum sentence. (*People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)